UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GEORGE L. BROWN AND
FREDDIE G. BROWN                                    PLAINTIFFS

VS.                              CIVIL ACTION NO. 4:05CV28LR

J.P. MORGAN/CHASE BANK AND
EMC MORTGAGE CORPORATION                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of Chase Home
Finance, LLC, as successor to Chase Manhattan Mortgage Corporation
(improperly identified in the complaint as J.P. Morgan/Chase
Bank), joined by defendant EMC Mortgage Corporation, for summary
judgment or, in the alternative, partial summary judgment pursuant
to Rule 56 of the Federal Rules of Civil Procedure.[1]  Plaintiffs
George L. Brown and Freddie G. Brown have filed what is purported
to be a response to the motion, though the response addresses none
of the issues raised by defendants' motion.  The court has
considered defendants' motion, and accompanying exhibits, along
with the record in the case and pertinent authorities, and
concludes that plaintiffs' complaint is due to be dismissed.

    Plaintiffs secured a mortgage loan of $67,200 from Chase in
August 1997, with monthly payments of $787.30.  In June 1999,

---

    [1]    This case concerns a loan that was made by Chase.  The
loan was sold the EMC in December 2004.

after apparently having fallen several months behind in their payments, plaintiffs forwarded payments to Chase totaling $4,000 (including one payment for $3,900 and one for $100). Chase maintains that it properly credited plaintiffs' account for the full $4,000. However, because a large portion of this amount was applied to pay various fees associated with plaintiffs' delinquency (including attorney's fees, late charges, insufficient fund fees and other miscellaneous fees), plaintiffs remained in arrears on the loan.[2]

Plaintiffs filed the present action on February 4, 2005 alleging that Chase misapplied the $3,900 payment, which led to Chase's reporting of inaccurate information concerning this debt to credit reporting agencies and ultimately pursuing foreclosure proceedings, which in turn led to plaintiffs' filing for

---

[2] A letter of plaintiffs dated May 17, 1999 informed them that they would need to pay $5,972.81 for reinstatement, including four past due payments totaling $3,936.50, together with $415 in late charges and deferred late charges, $740 in attorney's fees and costs, $75 for insufficient funds fees, $110 for an appraiser's/broker's opinion, $17.25 for property inspection, and $678.60 for "Other: MODIFICATION/DEFERMAN." After receipt of this letter, plaintiffs sent payments totaling $4,000 for their delinquency. Years later, in 2004, plaintiffs complained to the Federal Reserve Bank and to Chase that their $4,000 payment had not been credited to their account. Chase responded with a letter to plaintiffs, explaining that the payments were received, and that they were applied to the delinquency-related charges first, and to the principal second.

bankruptcy protection.[3]  Plaintiffs seek to recover "untold damages that have occured."

In the present motion, defendants assert numerous arguments in support of their claim that summary judgment is in order. Primarily they contend that plaintiffs' claims are barred by res judicata in view of a certain agreed order entered in plaintiffs' bankruptcy case on June 21, 2004, but also argue that their claims are barred by the doctrines of waiver and of accord and satisfaction and/or by the doctrine of judicial estoppel.  They contend, alternatively, that they are entitled to partial summary judgment on plaintiffs' claims for emotional distress damages and punitive damages.  For the following reasons, the court concludes that plaintiffs' claims are barred by res judicata.

Plaintiffs filed a voluntary chapter 13 bankruptcy petition on December 4, 2003, more than four years after the $3,900 payment

---

[3]    Plaintiffs' complaint, filed pro se, alleges the following:

That mortgage payments have been withheld on this acc. 10051969 since 99-2005. of which we have paid in advance for serval month which is not credit to our credit history, accounting Era, payment not posted in the account, of which we are being force out of our home payment not accounted for.
. . . .
Facts: There is evidence That mortage have been paid. That a check sent June 10, 1999 for 3,900 is not credite for, foreclosure, reported inaccurate information that there is not posted on mortage history.  When notified defendant sold property without giving a 15 day notice as required by the law, We have been foreclosure on without the facts being correct for untold damages that have occured.

3

at issue.  Chase filed its proof of claim with regard to plaintiffs' indebtedness on the loan.  Plaintiffs initially raised no issue regarding any alleged misapplication of the $3,900 and a plan was prepared which established $4,112.26 as the amount of pre-petition arrearage associated with the loan and set forth the amount of the monthly payments ($890.93) plaintiffs would make to Chase over the life of the loan.  The plan was confirmed on March 24, 2004.

According to Chase, at the time the plan was confirmed, plaintiffs were already in arrears on their payments, having failed to make payments from December 2003 through February 2004, and thus on March 1, 2004, Chase filed a motion to lift the automatic stay to allow Chase to proceed to enforce its rights against the property.  Plaintiffs' attorney, upon receipt of Chase's motion, wrote to Chase advising that the debtors "believe[d] they were not credited a large payment they made in the past," and asking that Chase provide the debtors' entire payment history.  Two weeks later, the debtors filed their response to Chase's motion to lift stay, in which they took the position the December payment was part of their pre-petition arrearage that was to have been included in the plan and paid over the life of the loan; that they had, in fact, made their January and February 2004 payments; and that Chase had "failed to properly credit the payments made by the debtors both pre and post

4

petition."  Plaintiffs asked that the court deny Chase's motion, or alternatively, that the court "modify their plan to include any delinquent payment towards the arrearage paid through the plan and to allow the current monthly payment to be paid through the plan as well . . . ."

On June 21, 2004, the date set for a hearing on Chase's motion, the parties presented an Agreed Order purporting to resolve the issues raised and stating that there was a post-petition delinquency of $2,294.84 which the parties agreed would be paid over the life of the plan.  Chase maintains that this order, which was in settlement of, among other things, the disputed application of payments by Chase, again established the arrearages associated with the loan and accordingly, that all plaintiffs' prior payments were applied appropriately (including, but not limited to, the $3,900 payment that occurred in June 1999).

Res judicata is a judicial doctrine that prevents relitigation of issues already decided.  For res judicata to apply, four requirements must be met:  (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must have been a final judgment on the merits; and (4) the same cause of action must be involved in both cases.  Hendricks v. Avent, 891 F.2d 583, 585 (5th Cir. 1990).  The first requirement is satisfied

5

here inasmuch as both plaintiffs and Chase were involved in the bankruptcy case and signed off on the Agreed Order.  The second requirement is also met, for the bankruptcy court clearly had jurisdiction over the parties' dispute.  Furthermore, while the Agreed Order did not explicitly address plaintiffs' claim that Chase had misapplied loan payments, it did so implicitly, as it purported to identify the amount of plaintiffs' arrearage to that date and to establish the manner in which the arrearage would be paid.[4]  Thus, as an Agreed Order which resolved the parties' dispute as to the amount of plaintiffs' arrearage on the loan, the very same issue involved herein, the third criterion, a final judgment on the merits, is satisfied.  See Matter of Howe, 913 F.2d 1138, 1143 n.7 (5th Cir. 1990) (quoting In re Constructors of Fla., Inc., 349 F.2d 595, 599 (5th Cir. 1965) ("An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court, and any attempt by the parties or

---

[4]      In response to Chase's motion to lift the automatic stay, plaintiffs raised with their attorney, and their attorney in turn raised with Chase and the court an issue with respect to whether prior payments by plaintiffs to Chase had been properly credited to their account.  Even had they not raised the issue, however, plaintiffs certainly could have done so and hence would be subject to res judicata if the requirements for applying the doctrine were otherwise met, as res judicata applies not only to claims that are raised but those that could have been raised.  See Nilson v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (res judicata "bars all claims that were or could have been advanced in support of a cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated").

those in privity with them to relitigate any of the matters that were raised or could have been raised therein is barred by the doctrine of res judicata."). The fourth requirement is satisfied, as well. All of plaintiffs' claims herein are grounded on the same factual premise, namely, that Chase failed to correctly apply a $3,900 payment to plaintiffs' account in June 1999. That is among the issues resolved by the Agreed Order. See Nilson v. City of Moss Point, Miss., 701 F.2d 556, 559 (5th Cir. 1983) (en banc) ("same claim" requirement is satisfied if the two actions are based on the same nucleus of operative facts, regardless of legal theories presented).

In short, as defendants argue, any dispute which plaintiffs had regarding what they owed or how payments were applied pre-petition, was resolved by the Agreed Order in which plaintiffs agreed to pay all arrearages listed in the Plan, plus additional arrearages that had accrued post-petition. Accordingly, it is ordered that defendants' motion for summary judgment is granted, and plaintiffs' complaint will be dismissed with prejudice.

A separate judgment will be entered in accordance with Rule 56 of the Federal Rules of Civil Procedure.

SO ORDERED this 27th day of July, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

7